IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYPHERD ENTERPRISES, INC., a Domestic Corporation, i/t/d/b/a SOUPER BOWL, </br></br>Plaintiff,</br></br>vs.</br></br>AUTO-OWNERS INSURANCE COMPANY, a foreign corporation,</br></br>Defendant. | ) CIVIL DIVISION </br>) </br>) </br>) </br>) </br>) </br>) </br>) NO. </br>) </br>) </br>) </br>) </br>) |

## NOTICE OF REMOVAL

AND NOW comes Defendant, Auto-Owners Insurance Company, by and through its counsel, Wayman, Irvin & McAuley, LLC, who seeks removal of this civil action pursuant to 28 U.S.C. § 1441, *et seq.* from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania. In support of this Notice of Removal, Defendant herein avers as follows:

1.   Plaintiff commenced this action by filing a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania on January 2, 2018.

2.   On January 8, 2018, Defendant accepted service of the Complaint, which qualifies as the "initial pleading" under 28 U.S.C. § 1446(b). Defendant has therefore timely filed this Notice of Removal within the thirty (30) days set forth in § 1446(b).

(See the Allegheny County docket, attached hereto and incorporated herein by reference as **Exhibit "A"**).

3. In its Complaint, Plaintiff alleges Breach of Contract (Count I) and Bad Faith (Count II) based on Defendant's alleged failure to pay insurance policy proceeds following the bursting of a water supply pipe, the water from which allegedly damaged Plaintiff's property on November 29, 2016. (A true and correct copy of Plaintiff's Complaint is attached hereto and incorporated herein by reference as **Exhibit "B"**).

4. In paragraph 1 of its Complaint, Plaintiff avers that it is a Pennsylvania corporation with an address of 6086 Boxer Drive, Bethel Park, Allegheny County, Pennsylvania 15102.

5. Per paragraph 2 of its Complaint, Plaintiff avers that it operates under the fictitious name of "Souper Bowl," which is a restaurant/grill/tavern located at 910 Fifth Avenue, Pittsburgh, Allegheny County, Pennsylvania 15219.

6. In paragraph 3 of its Complaint, Plaintiff correctly avers that "Defendant is a mutual insurance carrier maintaining corporate headquarters in Lansing, (Delta Township), Michigan." Information obtained from Defendant's website confirms that Defendant was in fact also incorporated in the State of Michigan in July 1916. (See **Exhibit "C,"** attached hereto and incorporated herein by reference).

7. Accordingly, there is complete diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

8. Initially, the "WHEREFORE" clauses in Counts I and II of Plaintiff's Complaint only seek "an amount in excess of the applicable arbitration limits exclusive

of interest and costs." However, paragraph 35 under Plaintiff's Bad Faith Count also seeks "punitive damage, together with interest, attorney's fees and such other relief as the Court deems appropriate." In addition to the damages set forth in paragraph 35, Pennsylvania's Bad Faith Statute, 42 Pa. Con. Stat. Ann. § 8371(1), also allows for an amount equal to the prime rate of interest plus three (3%) percent.

9. In determining whether the $75,000.00 threshold is satisfied, a court must view plaintiff's claim in the aggregate. Morgan v. Gay, 471 F.3d 469, 474 (3d Cir. 2006). In this context, both punitive damages and potential attorney's fees are considered as part of the amount in controversy. Frederico v. Home Depot, 507 F.3d 188, 199 (3d Cir. 2007), Suber v. Chrysler Corp., 104 F.3d 578, 585 (3d Cir. 1997). Defendant therefore respectfully submits that the $75,000.00 threshold required by 28 U.S.C. § 1332(a)(1) is satisfied because of Plaintiff's Bad Faith claim.

10. As all of the requirements of 28 U.S.C. § 1441 and 28 U.S.C. § 1332(a)(1) have been satisfied, Defendant respectfully submits that it is entitled to remove this action from the Allegheny County Court of Common Pleas to the Western District of Pennsylvania.

11. True and correct copies of this Notice of Removal will be filed with the Department of Court Records of the Court of Common Pleas of Allegheny County, Pennsylvania and served upon counsel of record for Plaintiff after this Honorable Court has initially accepted the filing of this Notice.

**WHEREFORE,** Defendant Auto-Owners Insurance Company respectfully requests that this Honorable Court assume jurisdiction of the within action pursuant to

28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441 based upon complete diversity of citizenship between Plaintiff and Defendant, the satisfaction of the $75,000.00 threshold, as well as the timely filing of this Removal pursuant to 28 U.S.C. § 1446(b).

          Respectfully submitted,

          WAYMAN, IRVIN & McAULEY, LLC

          /s/ Francis X. McTiernan, Jr.
          Francis X. McTiernan, Jr., Esquire
          Richard S. Canciello, Esquire
          Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Removal has been served on the following counsel of record by US First Class Mail, postage pre-paid or by hand delivery on this 31th day of January, 2018:

Wayne M. Chiurazzi, Esquire
The Chiurazzi Law Group
101 Smithfield Street
Pittsburgh, PA 15222
*(Counsel for Plaintiff)*

Wayman, Irvin & McAuley, LLC

/s/ Francis X. McTiernan, Jr.
Francis X. McTiernan, Jr., Esquire